FRED E. FINCH ET AL. *v.* STEVEN P. EARL ET AL.
(AC 27866)

DiPentima, Gruendel and Borden, Js.

Argued September 18—officially released November 27, 2007

*Julie L. Earl*, pro se, the appellant (defendant).

*V. Michael Simko, Jr.*, with whom, on the brief, was *Lizinka C. Benton*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendant Julie L. Earl appeals, pro se,[1] from the declaratory judgment of the trial court

[1] The defendants in the trial court were Steven P. Earl, Julie Earl, David Hurtuk, Veronica Wong and Tammy Silva. At times, Veronica Wong appears in the record as Veronica Hurtuk. We refer to her herein as she identified herself at trial, namely, as Veronica Wong.

approving the report of an attorney trial referee in favor of the plaintiffs, Fred E. Finch and Catherine M. Finch. We affirm the judgment of the trial court.

The case has an unusual procedural history. The plaintiffs and the defendants, Steven P. Earl, Julie Earl, David Hurtuk, Veronica Wong and Tammy Silva, own properties located on Old Fawn Hill Road, a private road in Monroe. The defendants have a mutual right-of-way over this private road, which crosses the plaintiffs' property, for purposes of ingress and egress to the defendants' respective properties. After a dispute arose regarding the plaintiffs' plan to make certain improvements to their property, the plaintiffs commenced this declaratory judgment action. They asked for a declaratory judgment to determine: (1) the dimensions of the defendants' rights to ingress and egress; (2) the extent of the defendants' permissible use of the right-of-way; and (3) whether the plaintiffs could make certain improvements to their property.

With respect to the Earls, the dispute was over whether the plaintiffs could erect an earthen berm along the right-of-way, which would interfere with the Earls' prior practice of parking their cars on the right-of-way. The Earls filed four special defenses alleging that they have a prescriptive easement over a portion of the property in question, that they had acquired the property by adverse possession, that they have an express easement for the use of the property and that they have an easement by necessity for use of the property. They

Although the Earls were represented by counsel at trial, Julie Earl, who is not an attorney, appeals pro se on her behalf. She purports to appeal, as well, on behalf of the other defendants. Because she is not an attorney, however, Julie Earl may not appear on behalf of the other defendants. See *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,* 34 Conn. App. 543, 546, 642 A.2d 62 (nonattorney may not appear pro se in representative capacity), cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994). We therefore consider her as the sole appellant and refer to her herein as the defendant.

also filed a counterclaim for a declaratory judgment, claiming a prescriptive easement, adverse possession and an easement by necessity.

The matter was referred by agreement to an attorney trial referee, who heard evidence on December 11, 2002. At that point, the plaintiffs had named only the Earls as defendants; therefore, only they appeared as defendants. There then ensued a long delay, during which Silva, Wong and Hurtuk were added as defendants. A second day of hearings took place on November 16, 2005, at which the only defendants who appeared were Silva and Wong, both appearing pro se.[2] Thereafter the parties filed posttrial briefs, the last of which was filed on February 1, 2006.[3]

The attorney trial referee filed his report with the court on May 31, 2006. He found that the plaintiffs' proposed earthen berm would not limit or otherwise restrict the Earls' use of the right-of-way and that it would not prohibit them from using their right-of-way for a purpose reasonably necessary for its use. The attorney trial referee, therefore, recommended that the court grant the plaintiffs' request for a declaratory judgment that the plaintiffs be permitted to construct the earthen berm as they had proposed.[4]

[2] Through their attorney, the Earls waived their right to appear at the November 16, 2005 hearing and rested their claims on the evidence submitted at the first hearing. Wong and Silva argued against the reasonableness of a stone wall that the plaintiffs proposed to build on their property. Specifically, Wong and Silva argued that any such stone wall would interfere with the plowing of snow from the road and with the ability of emergency vehicles to gain access to the defendants' properties. The attorney trial referee found that the defendants did not provide any persuasive evidence that a stone wall would prohibit emergency vehicles from accessing the defendants' properties, and the court accepted the attorney trial referee's recommendation. This dispute is not before us in this appeal.

[3] The parties both assert that the plaintiffs' reply brief, filed January 17, 2006, was the last filed posttrial brief. The record demonstrates, however, that the last brief was filed February 1, 2006.

[4] The attorney trial referee did not, however, append to his report a map of the area in dispute. Further, he did not indicate the physical extent of

An examination of the record indicates that the attorney trial referee's findings and recommendations were based on evidence establishing the following facts. The plaintiffs and the defendants are neighbors who live on Old Fawn Hill Road, which is a private road that crosses the plaintiffs' property. The defendants have a deeded right-of-way to use the road for purposes of ingress to and egress from their properties. The plaintiffs propose to establish an earthen berm. The plaintiffs asserted at trial that the purpose of the berm is to interfere with the Earls' prior practice of parking their vehicles in the right-of-way and to block the plaintiffs' view of the defendants' property. Emergency vehicles need at least fifteen feet of roadway to gain access to the properties, and there are no town regulations that govern the erection of a berm on an owner's property.

The Earls filed an objection to the report on four grounds: (1) the attorney trial referee's conclusions could not be reached "upon a proper application of the law to the subordinate facts found"; (2) insufficient facts had been found to support the findings of the attorney trial referee; (3) the report did not address the plaintiffs' relief requested to define the dimensions of the ingress and egress to the defendants' property and the extent of the defendants' permissible use of the plaintiffs' land; and (4) the report did not address the defendants' special defenses, especially those claiming an express easement and easement by necessity. The court found the objections to be without merit, overruled them and rendered judgment accepting the report. The Earls moved for articulation of the court's order overruling their objections. The court denied the motion for articulation, and the Earls did not file a motion for

the easement or the proposed location of either the berm or the stone wall in his report. At trial, however, Catherine Finch testified that, with regard to the berm, the plaintiffs intended to remove an existing fence and replace it with the proposed berm.

review of that denial. This appeal by the defendant followed.

The defendant raises four claims on appeal: (1) the attorney trial referee took an unreasonable amount of time in filing his report; (2) the report was in disregard of the zoning laws and the evidence; (3) the report failed to address the issues presented at the hearing; and (4) the plaintiffs improperly changed the issues in the case without giving notice thereof to the defendant. We have fully reviewed as much of the record as the parties have provided[5] and have carefully considered the defendant's claims in light of that record. That review persuades us that the defendant's claims are without merit, that the attorney trial referee's findings and conclusions are reasonably supported by the record and that the court's judgment must, therefore, be affirmed.

The judgment is affirmed.

---

[5] We note that several exhibits from the first day of trial have been lost. The parties were able to furnish copies of some of the missing exhibits, however. Specifically, they furnished copies of various town land records regarding the easement. On the basis of the detailed discussion of the other missing exhibits at trial, as recorded in the transcript, as well as the exhibits that were provided, we conclude that the absence of the missing exhibits does not make a material difference in the outcome of the appeal. See *Moss* v. *Foster*, 96 Conn. App. 369, 371 n.2, 900 A.2d 548 (2006); *Lisiewski* v. *Seidel*, 95 Conn. App. 696, 700 n.2, 899 A.2d 59 (2006).