## STATE OF CONNECTICUT *v.* MARK S. WILLIAMS
## (AC 33642)

Lavine, Espinosa and Peters, Js.

Argued May 29—officially released July 31, 2012

*Daniel J. Krisch*, with whom, on the brief, were *Wesley W. Horton* and *Dana M. Hrelic*, for the appellant (defendant).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Adam Scott*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PETERS, J. The purpose of General Statutes § 14-224 (a)[1] "is to ensure that when the driver of a motor vehicle is involved in an accident, he or she will promptly stop, render any necessary assistance and identify himself or herself. The essence of the offense of evading responsibility is the failure of the driver to stop and render aid. . . . [W]hether a defendant has knowledge that an accident caused injury . . . is irrelevant to the crime of evading responsibility . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Perkins*, 271 Conn. 218, 259, 856 A.2d 917 (2004). In this appeal, the defendant challenges the admission into evidence of a gruesome photograph of an accident victim and the sufficiency of the evidence to establish his violation of § 14-224 (a). We affirm the judgment of the trial court.

In a substitute information dated March 28, 2009, the state charged the defendant, Mark S. Williams, with

[1] General Statutes § 14-224 (a) provides in relevant part: "Each person operating a motor vehicle who is knowingly involved in an accident which causes serious physical injury, as defined in section 53a-3, to or results in the death of any other person shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to the person injured or to any officer or witness to the death or serious physical injury of any person . . . ."

evasion of responsibility in violation of § 14-224 (a).[2] The defendant denied his liability. A jury found him guilty as charged. The trial court, after accepting the jury's verdict and denying the defendant's motions for a judgment of acquittal and for a new trial, sentenced the defendant to a term of forty-four months of incarceration.

The jury reasonably could have found the following facts. At approximately 11:30 p.m. on June 3, 2008, the defendant was involved in a motor vehicle accident at the intersection of Hillside and Roberts Streets in East Hartford. The tractor-trailer truck driven by the defendant collided with a motorcycle driven by the victim, Brian Bertocki. The victim was killed instantly and a female passenger on his motorcycle was injured.

Ellio Dos Santos, a witness to the accident, called to the defendant to stop, but the defendant failed to do so. According to Dos Santos, prior to the accident, the defendant's truck had two functioning headlights.

Shortly thereafter, Efrain Tirado, a truck driver, saw a red tractor-trailer truck parked on Roberts Street near the intersection where the accident had occurred. Observing that the truck's left headlight was out, Tirado slowed down to see whether the truck's driver might need assistance. Tirado saw the driver get out of the cab of the truck, walk around to its front, and then get back into the cab and drive away. Tirado noticed that the truck had a single axle tractor and a "day cab," which does not have a sleeper berth. Tirado continued driving on Roberts Street until he reached the scene of the accident. Upon learning from a witness at the scene that the victim had been hit by a tractor-trailer truck,

---

[2] Although the defendant earlier was charged with negligent homicide with a motor vehicle in violation of General Statutes § 14-222a and reckless driving in violation of General Statutes § 14-222, he was not tried on those charges.

Tirado searched the neighborhood and the highway but did not find the truck that he had seen earlier or any other tractor-trailer truck.

Both Dos Santos and Tirado described the tractor-trailer truck that they had observed on the night of the accident as having several distinctive features. Dos Santos testified that, on the side of the truck, there was something resembling a painting of a black highway. Tirado noticed that the truck had a distinctive double lettering white logo on its front, another white logo on its back and something that appeared to be a picture of people on its side. Exhibits at trial confirmed that the defendant's truck exhibited these uncommon characteristics.

The defendant gave a sworn statement to Donald Olson, an East Hartford police sergeant, in which he described his actions on the evening of June 3, 2008. After picking up his tractor-trailer truck from G & K Services in East Hartford at approximately 11:30 p.m., he was en route to Waterbury, and then to North Attleboro, Massachusetts. The defendant acknowledged having driven through the intersection where the accident occurred and admitted that he heard a "bang." He stated that he assumed something had become "hung up between the truck and the trailer" and therefore stopped only briefly before leaving the scene of the accident. The defendant stated that he was aware of the fact that the truck had a headlight out before he left G & K Services' facility in East Hartford and that, after stopping in Waterbury and on his way to North Attleboro, he made an unscheduled stop at his home in Andover to substitute another headlight for the one that was out. The defendant noted this stop in his personal journal, but not in his driver's logbook.

Without contesting the accuracy of this factual record, the defendant urges us, on two grounds, to

overturn the judgment against him. The defendant claims that (1) the state failed to present sufficient evidence to prove that he knowingly had been involved in the accident that caused the victim's death and (2) the court improperly admitted into evidence a gruesome photograph of the victim's body. We affirm the judgment of the court.

## I

## SUFFICIENCY OF THE EVIDENCE

The defendant claims that the state failed to present sufficient evidence to prove that he knowingly was involved in the motor vehicle accident that caused the victim's death. Although the defendant admitted at trial that he was driving his tractor-trailer truck through the intersection of Hillside and Roberts Streets in East Hartford at the approximate time the accident occurred, he denied (1) that he was the driver of the truck that struck and killed the victim and (2) that he *knew* that he had been involved in an accident.[3] The defendant challenged the sufficiency of the evidence in his motions for a judgment of acquittal and for a new trial, which the trial court denied. We agree with the court that the jury's verdict must be sustained.

The standard of review for a claim of insufficient evidence to support a criminal conviction is well established. "In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt

---

[3] We note that the defendant has not challenged the propriety of any evidentiary ruling of the court other than the court's admission of the photograph of the victim. Furthermore, the defendant has not challenged the propriety of the court's instructions to the jury.

beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Brown*, 299 Conn. 640, 646–47, 11 A.3d 663 (2011).

To establish that the defendant violated § 14-224 (a), the state was required to prove that "(1) the defendant was operating a motor vehicle, (2) the defendant was knowingly involved in an accident . . . (3) that accident caused the death or serious physical injury of any other person . . . [and] (4) that the defendant failed to stop at once and render such assistance as may have been needed . . . ." *State* v. *Rosario*, 81 Conn. App. 621, 634, 841 A.2d 254, cert. denied, 268 Conn. 923, 848 A.2d 473 (2004). "[W]hether a defendant has knowledge that an accident caused injury . . . is irrelevant to the crime of evading responsibility . . . ." *State* v. *Perkins*, supra, 271 Conn. 259.

The defendant claims that the evidence is insufficient to satisfy the first two elements.[4] As the court observed at the sentencing hearing, however, this was a case about credibility. We are persuaded that the jury, in finding that the state had proved each required element of § 14-224 (a), reasonably might have found that the state's witnesses were more credible than the defendant's witnesses.

The defendant contests the credibility of Dos Santos' testimony that the defendant's tractor-trailer truck was involved in the accident he witnessed at the intersection of Hillside and Roberts Streets. The jury reasonably could have concluded, however, that Dos Santos' testimony was supported by the defendant's own testimony that, as he was passing through the intersection, he heard a "bang."

---

[4] The defendant does not contest that the accident caused the victim's death. As he did at trial, the defendant denies that he knowingly was involved in the accident and maintains, for this reason, that he was not obligated to stop and render assistance to those who had accidentally been injured.

The jury's finding that the defendant's truck was involved in the accident is further supported by the fact that, according to Dos Santos, immediately prior to the accident, both of the truck's headlights were on and in working order, while, according to Tirado, shortly after the accident, the truck's left headlight was out. Although the defendant claimed that the headlight had been defective from the start of his delivery assignment, the jury reasonably could have found it not credible that a truck driver would have set out on an interstate delivery route with a known defect in his equipment, would have deferred remedying that defect until he was able to make an unscheduled stop at his home to repair it, and would have failed to note the repair in his official log.[5]

The defendant emphasizes the fact that Dos Santos described the tractor-trailer truck that struck the victim as being orange, while the defendant's truck was red, and described the truck involved in the accident as having a different number of rear drive wheels than the defendant's truck. The jury reasonably could have discounted the significance of these discrepancies in light of the horror of the accident that Dos Santos witnessed, the lateness of the hour at which it occurred and Dos Santos' accurate description of the black design on the side of the defendant's truck. Furthermore, the jury reasonably might have credited Tirado's more detailed description of the tractor-trailer truck that he saw stopped at the side of the road on Roberts Street, near the site of the accident, which matched precisely the salient characteristics of the defendant's truck.

In light of the record as a whole, we are persuaded that the jury reasonably could have found that the cumulative force of the evidence established beyond a reasonable doubt that the defendant, while driving his

---

[5] The defendant acknowledges that, at trial, the court charged the jury that the fact that the defendant changed a headlight after the accident was evidence of consciousness of guilt. In his appeal to this court, the defendant has not challenged the propriety of that charge.

tractor-trailer truck, knowingly was involved in an accident, that the accident caused the victim's death, and that the defendant failed to stop at the scene and render any necessary assistance. We conclude, therefore, that the state presented sufficient evidence to support the defendant's conviction.

## II

## THE PHOTOGRAPH

The defendant's other contention on appeal is that a gruesome photograph of the victim's body was improperly admitted into evidence at trial. Specifically, the defendant claims that (1) the court committed reversible error when it misstated and misapplied the test for admissibility set forth in § 4-3 of the Connecticut Code of Evidence[6] and (2) the court abused its discretion in admitting the photograph into evidence because its probative value was outweighed by the danger of unfair prejudice. We are not persuaded by either of these claims of error.

The following additional facts are relevant to our disposition of the defendant's claims. At trial, the state offered into evidence a single color photograph of the victim's body that showed the victim lying on the roadway, with his head split open and blood and brain matter protruding from his cranium. The photograph was introduced through the testimony of Dan Caruso, an East Hartford police officer and accident reconstruction expert, who had mapped the scene of the accident. Caruso testified that the photograph was a fair and accurate representation of the victim's condition after the accident.

[6] Section 4-3 of the Connecticut Code of Evidence provides: "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

Defense counsel objected to the photograph being admitted into evidence on the ground that it was prejudicial.[7] In response, the state argued that the photograph was relevant to explain why, traumatized by seeing the victim's bloody body, Dos Santos had misidentified the color of the truck that struck and killed the victim as orange, while Tirado correctly had described the truck he had seen as red.

The court overruled the defendant's objection and ordered that the photograph be admitted into evidence. It stated: "[T]he issue is not whether [the photograph is] prejudicial. It's whether the probative value is far outweighed by the danger of unfair prejudice." After examining the photograph, the court stated: "[T]he witness has testified that he observed the body on the late night, early morning of the incident. So, the court is going to overrule the objection. However, what the court is going to do is ask, not that it be published on or through projection, but that it be handed to the jury so they can review it."

Our standard of review for evidentiary rulings is well established. "[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . [E]videntiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) *State* v. *Arroyo*, 284

---

[7] The defendant had objected the previous day to the state's offer of the same photograph during Dos Santos' testimony. At that time, the defendant argued: "The picture is inflammatorily prejudicial, Your Honor. It is intended . . . to raise the sympathies and the emotions of the jury in this matter, and it should be excluded on those grounds." The court sustained that objection, stating: "The photograph is relevant; however, at this stage in the proceedings, the probative value of the photograph is far outweighed by the danger of unfair prejudice. And the reason is that the witness [Dos Santos] did not testify as to the physical condition other than the victim was dead." We assume that, in ruling on whether to admit the photograph during Caruso's testimony, the court considered the entire record.

Conn. 597, 637, 935 A.2d 975 (2007). "When an improper evidentiary ruling is not constitutional in nature, the defendant bears the burden of demonstrating that the error was harmful." (Internal quotation marks omitted.) *State* v. *Beavers*, 290 Conn. 386, 396, 963 A.2d 956 (2009). To satisfy that burden, the defendant must establish that "the jury's verdict was substantially swayed by the error." *State* v. *Sawyer*, 279 Conn. 331, 357, 904 A.2d 101 (2006), overruled in part on other grounds by *State* v. *DeJesus*, 288 Conn. 418, 454–55 n.23, 953 A.2d 45 (2008).

In this case, the defendant maintains that, for two reasons, the court's admission of the photograph into evidence was reversible error. First, the court misstated the applicable provision of the Connecticut Code of Evidence. Second, the court improperly underestimated the prejudicial quality of the photograph. We are not persuaded.

A

Section 4-3 of the Connecticut Code of Evidence provides: "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." The court misstated this test, stating that the defendant was required to establish that the photograph's probative value was *far* outweighed by its potential for prejudice. The defendant maintains that this misstatement was reversible error. We disagree.

We note, at the outset, that the defendant did not object, at trial, to the court's misstatement of the evidentiary standard. As a rule, we require an appellant to demonstrate that he has distinctly raised a claim of evidentiary error at trial in order to give the trial court the opportunity to correct any error that may have occurred. See Practice Book § 60-5; *State* v. *Collins*,

111 Conn. App. 730, 738, 961 A.2d 986 (2008), rev'd on other grounds, 299 Conn. 567, 10 A.3d 1005, cert. denied, U.S. , 132 S. Ct. 314, 181 L. Ed. 2d 193 (2011). *Moss* v. *Foster*, 96 Conn. App. 369, 376–77, 900 A.2d 548 (2006), which the defendant cites as a relevant contrary ruling, is inapposite because it does not concern an evidentiary ruling.

The record demonstrates that the court's misstatement was harmless in light of the circumstances of this case. The photograph in question did not relate to any issue that, at trial, was seriously in dispute. The central issue was the identity of the driver of the truck that struck and killed the victim, not the traumatic injuries that the victim sustained. Significantly, the defendant did not object to the graphic description of the victim's injuries given at trial by Harold Wayne Carver II, the chief medical examiner, who conducted the autopsy on the victim.[8] Furthermore, the testimony that the jury asked to rehear, in the course of its deliberations, was wholly unrelated to the photograph or the extent of the victim's injuries.[9]

---

[8] Carver testified: "[The victim] suffered a very severe, blunt traumatic injuries as opposed to cutting or bullets. . . . [T]he injuries were distributed on the upper half of his body, so, from about halfway between your ribs and the nipple on up, tremendous damage; from there down, nothing, except one small skin tear. There [were] multiple fractures of each of the ribs . . . from the tenth rib up. . . . There was a fracture of the neck at the bottom part of the neck. . . . [T]he heart and right lung had been torn completely off their attachments and lying loose in the chest cavity. The left lung also was very badly damaged. And the head, basically, suffered extreme failure. The bones were broken into multiple small fragments. The skin of the scalp had torn completely off the top of the head and the brain had been pushed out. We got it [the brain] separately, or most of it." Carver further testified that the victim's face "from the cheekbones on up . . . essentially exploded," and that the force from the truck's tire rolling over the victim caused brain matter to "burst" out of the victim's head.

[9] The jury asked for a replay of (1) testimony by Olson concerning the location the defendant was alleged to have stopped his truck after the accident and any change in the defendant's statement about where he stopped the truck, and (2) testimony by Dos Santos concerning his attempts to communicate with the driver of the truck immediately following the accident.

Under these circumstances, we are not persuaded that the court's misstatement of the test for admission of the photograph into evidence had a substantially adverse impact on the jury's deliberations in this case. Accordingly, we conclude that the court's misstatement was harmless error. *State* v. *Sawyer*, supra, 279 Conn. 357.

B

Alternatively, the defendant claims that the court abused its discretion when it admitted the photograph of the victim's body into evidence because the probative value of the photograph was outweighed by the danger of unfair prejudice. We disagree.

"A potentially inflammatory photograph may be admitted if the court, in its discretion, determines that the probative value of the photograph outweighs the prejudicial effect it might have on the jury. . . . The determination of the trial court will not be disturbed unless the trial court has abused its discretion." (Citations omitted.) *State* v. *Williams*, 227 Conn. 101, 111, 629 A.2d 402 (1993). "In determining whether the prejudicial effect of otherwise relevant evidence outweighs its probative value, we consider whether: (1) . . . the facts offered may unduly arouse the jury's emotions, hostility or sympathy, (2) . . . the proof and answering evidence it provokes may create a side issue that will unduly distract the jury from the main issues, (3) . . . the evidence offered and the counterproof will consume an undue amount of time, and (4) . . . the defendant, having no reasonable ground to anticipate the evidence, is unfairly surprised and unprepared to meet it." (Internal quotation marks omitted.) *State* v. *Collins*, 299 Conn. 567, 586–87, 10 A.3d 1005, cert. denied, U.S. , 132 S. Ct. 314, 181 L. Ed. 2d 193 (2011).

The same reasons that persuaded us that the defendant was not prejudiced by the court's misstatement

of § 4-3 of the Connecticut Code of Evidence also persuade us that this single photograph, although extremely graphic, was not more prejudicial than it was probative. This was only a single image. The court did not allow the photograph to be published on or through projection, but permitted it only to be handed to the jury to view.

"Even photographs depicting gruesome scenes that may prejudice the jury are admissible, so long as, in the court's discretion, they are more probative than prejudicial. . . . There is no requirement in this state that a potentially inflammatory photograph be essential to the state's case in order for it to be admissible; rather, the test for determining the admissibility of the challenged evidence is relevancy and not necessity." (Citations omitted; internal quotation marks omitted.) *State* v. *Sanchez*, 69 Conn. App. 576, 593, 795 A.2d 597 (2002); see also *State* v. *Ferraiuolo*, 80 Conn. App. 521, 530–31, 835 A.2d 1041 (2003), cert. denied, 267 Conn. 916, 841 A.2d 220 (2004). We conclude, therefore, that the court did not abuse its discretion when it admitted the photograph into evidence.

### III

### CONCLUSION

The central issue in this case was the identity of the driver of the truck who, having struck and killed the victim, failed to comply with the mandate of § 14-224 (a) to "promptly stop, render any necessary assistance and identify himself . . . ." (Internal quotation marks omitted.) *State* v. *Perkins*, supra, 271 Conn. 259. We conclude that the evidence adduced at trial was sufficient to sustain the defendant's conviction. We conclude, furthermore, that the record as a whole establishes that the court's misstatement of the test for admission into evidence of a photograph of the victim's body was harmless error and that the court did not

abuse its discretion in admitting the photograph into evidence.

The defendant's failure to comply with § 14-224 (a) may well be attributable to an understandable human reaction to deny participation in an unanticipated and unpleasant encounter, especially late at night. Until this accident, the defendant apparently had been a good citizen. Nonetheless, whatever his role in causing the accident and even if he was persuaded that he was not at fault, the defendant was obligated, under the unequivocal command of the statute, to stop at the scene of the accident to render assistance to those who had suffered injury. He failed to do so.

The judgment is affirmed.

In this opinion the other judges concurred.