******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANIEL ROSENTHAL ET AL. *v.* TOWN OF
BLOOMFIELD ET AL.
(AC 38893)

Lavine, Kahn and Bishop, Js.*

*Syllabus*

The plaintiffs, a group of retirees from the police department of the defendant
town of Bloomfield, brought this action for, inter alia, breach of contract
in connection with the plaintiffs' 1994 retirement pension plan, which
was part of a collective bargaining agreement between the town and
the plaintiffs' union. The 1994 pension plan provided that the town would
make available to qualifying retirees and their enrolled dependents a
certain health insurance plan. The pension plan subsequently was
amended to provide that the town would make available the agreed on
health insurance plan or a comparable plan. Thereafter, the town entered
into an employment agreement with the union that changed the health
insurance plan to a different plan, which increased certain co-payments
and eliminated others. The town also notified the plaintiffs that the
employment agreement was applicable to them. The plaintiffs then com-
menced the present action, claiming that the town had breached the
terms of their 1994 pension plan by changing their health insurance plan
to a plan that was not comparable because the new plan increased co-
payments for certain medical and health care services. After the plaintiffs
submitted an offer of proof, the town filed a motion for a judgment of
dismissal for failure to make out a prima facie case pursuant to the
applicable rule of practice (§ 15-8). The trial court granted the town's
motion and rendered judgment thereon, finding that, pursuant to *Poole*
v. *Waterbury* (266 Conn. 68), the plaintiffs had failed to set forth a prima
facie case of breach of contract. On the plaintiffs' appeal to this court,
*held* that the trial court did not err in granting the town's motion for a
judgment of dismissal, the plaintiffs having failed, as a matter of law,
to set forth sufficient evidence that, if believed, would establish a prima
facie case of breach of contract; the plaintiffs failed to establish any
significant changes or reduction in their benefits and, thus, failed to
demonstrate, in accordance with *Poole*, that the insurance benefits under
the new health insurance plan were not substantially commensurate with
the benefits under the prior plan when viewing the group of plaintiffs
as a whole, as the increase in some co-payments while eliminating
others did not demonstrate that the plaintiffs' benefits as a group were
significantly reduced or not comparable to their benefits under the
prior plan.

Argued September 11—officially released November 28, 2017

*Procedural History*

Action to recover damages for, inter alia, breach of
contract, and for other relief, brought to the Superior
Court in the judicial district of Hartford, where the
court, *Hon. Jerry Wagner*, judge trial referee, granted
the defendants' motion to strike; thereafter, the court,
*Elgo, J.*, granted the named defendant's motion to bifur-
cate the issues of liability and damages; subsequently,
the case was tried to the court, *Elgo, J.*; thereafter,
the court granted the named defendant's motion for a
judgment of dismissal and rendered judgment thereon,
from which the plaintiffs appealed to this court.
*Affirmed.*

*Rachel M. Baird*, with whom, on the brief, was *Mitch-
ell Lake*, for the appellants (plaintiffs).

*William A. Ryan*, with whom was *Ian E. Bjorkman*,

for the appellee (named defendant).

*Opinion*

KAHN, J. The plaintiffs, a group of twenty-four retirees from the Bloomfield Police Department,[1] appeal from the judgment of the trial court granting the motion for a judgment of dismissal filed by the defendant town of Bloomfield (town)[2] pursuant to Practice Book § 15-8 for failure to make out a prima facie case. The plaintiffs claim that the court erred in so ruling because the evidence submitted set forth a prima facie case that the town breached the parties' collective bargaining agreement by failing to offer insurance benefits that are comparable to benefits under a prior health insurance plan. We disagree and affirm the judgment of the trial court.

There is no dispute as to the language of the applicable provision, § 17 (1) (B) of the plaintiffs' pension retirement plan (1994 pension plan), which was formed pursuant to a 1994 collective bargaining agreement (1994 agreement) between the town and the plaintiffs' union, the International Brotherhood of Police Officers, Local 335. Section § 17 (1) (B) of the 1994 pension plan stated in relevant part: "The Town shall make available to each full-time employee who retires after July 1, 1989 and his/her enrolled dependents Major Medical, Blue Cross Hospitalization and Blue Shield coverage as if the said retired employee were still working . . . ."[3] The 1994 pension plan, however, subsequently was amended several times, including on February 2, 1995, when the word "still" was removed from § 17 (1) (B) and the phrase "or comparable insurance" was added. The revised section stated in relevant part: "The Town shall make available to each full time employee who retires after July 1, 1989 and his/her enrolled dependents Major Medical, Blue Cross Hospitalization and Blue Shield coverage, *or comparable insurance*, as if the said retired employee were working." (Emphasis added.)[4] The parties agreed and the trial court concluded that "comparable" did not mean "the same," and, as such, the unambiguous contract language manifested the intent of the parties that the town have some flexibility to offer health insurance plans that were not exactly the same as the existing plan.

On October 19, 2012, the town entered into an employment agreement with the United Public Service Employees Union/COPS, Unit #14 (2012 agreement), which changed the health insurance plan under the 1994 pension plan to the "Anthem Blue Cross Century Preferred $20 Co-pay plan with a 3-Tier Prescription Drug benefit" (Century Preferred $20 plan). Effective September 1, 2012, this agreement also applied to retired employees who had not yet reached sixty-five years of age and their dependents. On July 20, 2012, the town provided the plaintiffs with notice of this change.

The plaintiffs commenced this action alleging, inter

alia, that the town breached the terms of the 1994 pension plan by changing their health insurance plan to a plan that is not comparable.[5] Specifically, the plaintiffs argued that the 2012 agreement resulted in a 50 percent increase in co-pays for emergency room visits (from $50 to $75), a 100 percent increase in co-pays for office visits (from $10 to $20), an increase for emergency room visits from $0 to $100, and a 100 percent increase in urgent care co-pays (from $25 to $50). The plaintiffs sought to compel the town to provide the medical and health care benefits in place prior to September 1, 2012. The plaintiffs sought an injunction, monetary damages and attorney's fees and costs.

At the commencement of trial on September 29, 2015, the court bifurcated the proceeding so that liability would be determined prior to the issue of damages. The liability issue presented was whether the Century Preferred $20 plan was comparable to the "Major Medical, Blue Cross Hospitalization and Blue Shield Coverage," referenced in § 17 (1) (B) of the 1994 pension plan. After a discussion, the plaintiffs agreed that they would proceed with the trial on this issue by submitting an offer of proof on their claim that the Century Preferred $20 plan was not comparable to the 1994 pension plan. The parties also agreed to the admission into evidence of the 1994 agreement and the 1995 and 2000 amendments thereto. On October 5, 2015, the plaintiffs filed their offer of proof with the court. The town filed a motion for a judgment of dismissal pursuant to Practice Book § 15-8 on the basis that the plaintiffs had set forth insufficient evidence to establish a prima facie case in support of their complaint. The court granted the motion, finding that the contract language was unambiguous; that *Poole* v. *Waterbury*, 266 Conn. 68, 831 A.2d 211 (2003), was controlling; and that the plaintiffs had not set forth a prima facie case of breach of contract.[6] This appeal followed.

"The standard for determining whether the plaintiff has made out a prima facie case, under Practice Book § 15-8, is whether the plaintiff put forth sufficient evidence that, if believed, would establish a prima facie case, not whether the trier of fact believes it. . . . For the court to grant the motion [for judgment of dismissal pursuant to Practice Book § 15-8], it must be of the opinion that the plaintiff has failed to make out a prima facie case. In testing the sufficiency of the evidence, the court compares the evidence with the allegations of the complaint. . . . In order to establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . [T]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Gambardella* v.

*Apple Health Care, Inc.*, 86 Conn. App. 842, 846, 863 A.2d 735 (2005). "Whether the plaintiff has made out a prima facie case is a question of law, over which our review is plenary." *Moss* v. *Foster*, 96 Conn. App. 369, 378, 900 A.2d 548 (2006).

"The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." (Internal quotation marks omitted.) *Chiulli* v. *Zola*, 97 Conn. App. 699, 706–707, 905 A.2d 1236 (2006). "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Poole* v. *Waterbury*, supra, 266 Conn. 88.

Here, there is no dispute as to the interpretation of the language of the 1994 pension plan, as amended, or the benefits and terms of the various health care plans. At issue is whether the Century Preferred $20 plan violated the term of the 1994 pension plan requiring comparable insurance as governed by *Poole*. Merriam-Webster's Collegiate Dictionary (11th Ed. 2003) defines "comparable" as "similar, like."

In *Poole*, retired firefighters filed an action against the defendant city when the city unilaterally switched the retirees from the traditional indemnity plan that the firefighters had, as the result of collective bargaining agreements, to a managed health care plan. Id., 71–73. The trial court held that the retirees had a vested contractual right in the health care plan referenced in the collective bargaining agreements. Id., 78. On appeal, our Supreme Court determined that although the retirees' rights to their retirement benefits had vested, the retirees did not have a vested right in precisely the same health care plan that was in effect at the time of their retirement. Id, 99–106. The Supreme Court determined that the language of the collective bargaining agreements in that case unambiguously "manifest[ed] the parties' intent that the city retain the right to make limited modifications to the benefits plan." Id., 100.

In *Poole*, there were three areas of change between the traditional indemnity plan and the managed health care plan affecting the retirees: (1) the imposition of a $5 to $15 co-payment for each health service utilized; (2) full costs not paid if the service provider is out of network; and (3) the insurer maintaining a schedule of the presumptive amount of services necessary per medical condition instead of the physician determining the amount of services necessary. Id., 105–106. The Supreme Court noted the trial court's findings that although "a managed health care plan is inherently less flexible than the traditional indemnity plan, it is by no means certain from the evidence that a given benefi-

ciary will always fare worse under the new health care plan than the old. . . . Depending on what health problems occur for a specific beneficiary and what services or prescription medications are necessary, the evidence demonstrated that there are situations in which the out-of-pocket costs can indeed be greater under the old plan than the new." (Internal quotation marks omitted.) Id., 107. The Supreme Court concluded that the retirees did not establish that the differences between the plans "resulted in a new plan that either substantially reduced the provision of services or substantially increased the cost to the group of plaintiffs as a whole. Accordingly, the modifications made by the defendants affected the form, and not materially the substance, of the vested benefit." (Footnote omitted.) Id., 107.

In the present case, the plaintiffs argue that a prima facie case for a breach of contract action had been set forth because the plaintiffs' insurance benefits under the Century Preferred $20 plan are not comparable to those under the 1994 pension plan. In support of their claim, they point to increases in some of the co-pays. Pursuant to *Poole*, in order for the plaintiffs to prevail, they must demonstrate that the changes to their benefits are not substantially commensurate with the benefits provided under the 1994 agreement, when viewing the group of plaintiffs as a whole. See id., 105.

The plaintiffs have not set forth a prima facie case that the Century Preferred $20 plan was not substantially commensurate to the 1994 pension plan. Although the plaintiffs point to higher co-payments as the source of changes between the plans, a review of the earlier Century Preferred $10 and $5 co-pay plans with the new Century Preferred $20 plan reveals that although, under the new plan, some co-pays were higher, others, such as preventative care and routine eye examinations, no longer required co-payments. In response to an individual plaintiff's question about the Century Preferred $20 plan, the human resources generalist for the town noted that "there has not been a reduction in your medical benefit coverage. All services previously offered are still in effect—some no longer require co-pays while others require higher co-pays." Other than the changes in co-pays, the plaintiffs failed to establish any significant changes or reduction in benefits.

The increase in some co-payments while eliminating others does not demonstrate that the benefits of the plaintiffs as a whole were significantly reduced or not comparable to their prior benefits. "It will not suffice for the plaintiffs to demonstrate that the changes have increased payments for some retired employees. The changes should be examined for their effect on the class of retirees as a whole, to determine if they have significantly reduced their general level of benefits. In addition, individual modifications should not be scrutinized in isolation. In other words, the changes must be

examined in their totality for their effect upon the class of retirees as a group." (Internal quotation marks omitted.) *Poole* v. *Waterbury*, supra, 266 Conn. 104–105. After conducting such a review, the trial court in the present case concluded: "Given that the changes described in *Poole* included not only co-payments but more far-reaching changes than what are at issue here, this court cannot conclude that the plaintiffs have shown that the [Century Preferred $20] plan is not comparable to the earlier plans." Because the plaintiffs have not, as a matter of law, set forth sufficient evidence that, if believed, would establish a prima facie case of breach of contract, the trial court did not err in granting the town's motion for a judgment of dismissal.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The plaintiffs are Daniel Rosenthal, Jeffrey Blatter, John Maziarz, Judy Smith, John Ferrigno, Mark Darin, Robert Lostimolo, Michelle Lostimolo, Rebecca Leger, Lee Tager, Robert Black, John Swanson, Alan Cox, William Brewer, Michael Driscoll, Sean Kenney, Steven Weisher, Richard Lyon, Jr., Elvis Fabi, Raymond Kitchens, Charlie Simmons, Alfred Delciampo, Cindi Lloyd, and Doris Hudson.

[2] The plaintiff also named Louie Chapman, Jr., William J. Hogan, and Cindy Coville, all employees or officials of the town, as defendants. The court granted the motion to strike the counts against these defendants based on qualified immunity.

[3] Section 17 (1) (B) of the 1994 pension plan also set forth the premium cost sharing as follows: "The Town shall pay one hundred percent (100%) of the retiree's premium and sixty-six and two thirds percent (66-2/3%) of the additional cost of dependent coverage and the retiree shall pay the remaining costs."

[4] On August 28, 2000, § 17 (1) (B) was amended, changing July 1, 1989 to July 1, 1999.

[5] The complaint also alleged unjust enrichment and ultra vires acts. The court considered those claims abandoned due to the plaintiffs' failure to brief them, and granted the town's motion for a judgment of dismissal as to those claims as well. On appeal, the plaintiffs do not claim error as to the court's dismissal of those claims.

[6] The plaintiffs do not challenge either the finding that the contract language was unambiguous or that the interpretation of that language is governed by *Poole* v. *Waterbury*, supra, 266 Conn. 68.